FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUN 07 2011
BROOKLYN OFFICE
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
ALAN KINNEY,

                Petitioner,

       -against-

UNITED STATES OF AMERICA,

                Respondent.
-------------------------------------------------------------- X

**MEMORANDUM AND ORDER**

10 Civ. 1188 (BMC)

**COGAN**, District Judge.

    Petitioner Alan Kinney, by a petition for a writ of error *coram nobis* under the All Writs Act, 28 U.S.C. § 1651, seeks to vacate the portion of his sentence that requires him to address all correspondence he wishes to send to his ex-wife that is directly related to any lawsuit he files against her to the assigned Assistant United States Attorney for forwarding to the designated court (the "filing restriction"). The petition is denied.

    The Second Circuit has already held that petitioner should have challenged the filing restriction on direct appeal. Petitioner was sentenced in 1998 and filed a timely notice of appeal. However, because there were no non-frivolous issues to raise, his counsel filed an <u>Anders</u> brief, and the Second Circuit summarily affirmed the conviction and sentence. Petitioner thereafter moved to vacate the filing restriction in the district court. The motion was denied; petitioner moved for reconsideration; and when Judge Trager denied his motion for reconsideration, petitioner appealed the denial of his motion to vacate and motion for reconsideration. In affirming the district court, the Second Circuit held that "[b]y failing to take [a] timely appeal when sentence was imposed on him, Kinney waived the right to appeal the terms of the

sentence." United States v. Kinney, 205 F.3d 1325 (2d Cir. 2000) (table opinion). Petitioner has therefore waived that challenge, for it is well established that "[c]oram nobis is not a substitute for appeal." Foont v. United States, 93 F.3d 76, 78 (2d Cir.1996)).

Petitioner has failed to demonstrate good cause for not challenging the filing restriction on appeal. See United States v. Mandanici, 205 F.3d 519, 524 (2d Cir. 2000) ("To obtain *coram nobis* relief, a petitioner must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." (internal quotation marks omitted)). Moreover, the Supreme Court has held that the writ of error *coram nobis* is an "extraordinary remedy [that should be used] only under circumstances compelling such action to achieve justice." United States v. Morgan, 346 U.S. 502, 511 (1954). Considering the nature of petitioner's offense, the likelihood recurrence at which the filing restriction was directed, and the minimal imposition of the filing restriction, the interests of justice would not be served by allowing revival of the issue he waived, nor is there any excuse for his failure to have sought appropriate relief on direct appeal.

Significantly, petitioner's failure to assert the issue on direct appeal was not the only time that he had an opportunity to assert it but chose not to. At the same time that he was appealing Judge Trager's denial of his motion for reconsideration, petitioner also had filed a petition for habeas corpus relief under 28 U.S.C. § 2255. That petition alleged that his trial counsel was constitutionally ineffective for not challenging the filing restriction at sentencing. However, Judge Trager denied his petition on the merits, and petitioner failed to appeal. He cannot use *coram nobis* to remedy his failure to appeal the dismissal of his §2255 petition any more than he

can use it to remedy his failure to raise the issue on direct appeal. Cf. Goodwin v. Hammock, 502 F.Supp. 756, 759 (S.D.N.Y. 1981) (*coram nobis* not a substitute for habeas corpus).

The petition is therefore denied and the case is dismissed. This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purposes of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
June 6, 2011